# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

| | |
|---|---|
| SUN LIFE ASSURANCE COMPANY OF CANADA | PLAINTIFF/ COUNTER-DEFENDANT |
| v. No. 3:18-cv-119-DPM | |
| TONYA DANIELS | DEFENDANT/ THIRD-PARTY PLAINTIFF/ COUNTER CLAIMANT |
| TISHA VANALLEN | DEFENDANT |
| AAA COOPER TRANSPORTATION | THIRD-PARTY DEFENDANT |

## ORDER

This is a dispute about $50,000.00 of insurance on Charles Daniels's life. He worked for AAA Cooper. The insurance was a benefit of his job, thus this Court's jurisdiction under ERISA. Sun Life issued this group coverage. It seeks to interplead the policy proceeds (less attorney's fees and costs) because both Tonya Daniels and Tisha VanAllen claim the insurance money. Each claimant seeks to hold Sun Life in the case by counterclaim, saying the insurer has violated its fiduciary duties. Daniels also objects to the approximately $9,000.00 Sun Life requests in fees and costs.

Sun Life's motion is granted as modified. The insurer is a disinterested stakeholder faced with competing claims. A Federal Rule of Civil Procedure 22 proceeding is designed for these circumstances. 7 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1704 (3d ed. 2014).

Daniels's and VanAllen's motions to amend and assert ERISA claims against Sun Life are denied as futile. *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 588–89 (8th Cir. 2018). Taking all the proposed pleaded facts as true, the insurer didn't violate any ERISA duty by not paying the policy proceeds to one claimant or the other. Daniels and VanAllen are free to file cross claims against each other, of course.

Sun Life is entitled to a reasonable attorney's fee and costs. But the Court is unable to set a number yet. Sun Life must file an itemized billing statement from its lawyers. It can file a redacted version on the public docket or an unredacted version under seal. Please also specify Ms. Bryant's requested hourly rate.

\* \* \*

Daniels's motion for a continuance, № 35, is granted as modified for good cause. An Amended Final Scheduling Order will issue, but the Court sees no need for a status conference at this point. The motions to amend, № 32, 33, & 36, are partly granted and partly denied. The motion for interpleader, № 24, is granted as modified. The Court directs the Clerk to accept the $50,000.00 in insurance proceeds from

Sun Life; the Court will dismiss the insurer after the funds are deposited. The Court will direct payment to Sun Life of a reasonable fee and costs in due course. Amended pleadings from Daniels and VanAllen due by 15 February 2019. Itemized statement due from Sun Life by the same date.

    So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 January 2019